IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTA PRODUCTS, INC., et al., | No. C 05-02273 CRB |
| Plaintiffs, | |
| v. | **ORDER** |
| TRANSGLOBAL COMMUNICATIONS, et al., | |
| Defendants. | |

This adversary proceeding was withdrawn from bankruptcy court. The debtor, Betta Products, Inc. ("Betta"), alleges that defendants misappropriated Betta's trade secrets. Now pending before the Court are plaintiff Dana McCurnin's motion for reconsideration and defendants' motions to dismiss and to strike with respect to the Second Amended Complaint. After carefully reviewing the papers filed by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and rules as is set forth below.

1.  Plaintiff Dana McCurnin's motion for reconsideration is GRANTED. It would be manifestly unjust *at this early stage of the proceedings* to deprive plaintiffs of their non-bankruptcy claims because of their counsel's mistake. Counsel notified the Court of counsel's mistake at the hearing on defendants' motion to dismiss, and promptly filed a motion for reconsideration. Defendants have not persuaded this Court that it should refuse to consider McCurnin's claims on their merits.

Defendants have also failed to persuade the Court that McCurnin, the Trustee of the Betta Products Litigation Trust, does not have standing to pursue the non-bankruptcy claims. The Betta Products Litigation Trust Agreement unambiguously gave McCurnin, as Trustee, the right to prosecute the non-bankruptcy claims. Defendants have not provided any evidence or law that suggests the assignment is invalid. Accordingly, the Court's order of September 7, 2005 is vacated to the limited extent it dismissed the claims of plaintiff McCurnin.

2. Defendants' motion to dismiss the Second Amended Complaint is dismissed as moot.

3. Defendants' motion to strike is granted in part and denied in part. The incorporation of paragraph 38 into paragraph 39 is stricken as plaintiffs agree that the claim for unfair business practices should not include a demand for punitive damages. In all other respects the motion is denied. As the Court previously stated, it is not now ruling on what constitutes restitution. Plaintiffs appear to contend that lost past profits and business opportunities constitute restitution. While plaintiffs may be wrong, that is a decision the Court will make at a later date.

4. Plaintiffs shall file a third amended complaint within 20 days of the date of this Order. Such complaint shall include Dana McCurnin as a plaintiff, and shall comply with the Court's ruling on the motion to strike.

5. Counsel is directed to review and comply with the Local Rules for the Northern District of California, and, in particular, the rules governing pleadings. For example, Rule 7-2(b) provides that the notice of motion and memorandum in support of the motion should be in a *single* document.

6. It has become apparent to the Court that counsel are not cooperating and, as a result, their clients resources, and, most importantly, the resources of this Court, are being wasted. The Court expects counsel to meet and confer and to respond promptly when contacted by opposing counsel. With respect to the present motions, the parties should have

stipulated to deferring the filing of the second amended complaint, and thus defendants' response, until the Court adjudicated the motion for reconsideration.

      7.     The parties shall still appear at 10:00 a.m. on Friday, November 18, 2005 for a case management conference,

**IT IS SO ORDERED.**

Dated: November 15, 2005

                                          CHARLES R. BREYER
                                          UNITED STATES DISTRICT JUDGE