```
MCGUIREWOODS LLP
LESLIE M. WERLIN #67994
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Defendants Transglobal, Prescott,
Dyakon, Becker and Raschke
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTA PRODUCTS, INC.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TRANSGLOBAL COMMUNICATIONS, et al.,<br><br>　　　　Defendants. | CASE NO. CV-5-2273-CRB<br><br>**STIPULATION FOR FILING COUNTER-CLAIM; AND ORDER** |

　　　Whereas, Plaintiff Transglobal Communications Group USA, Inc. ("Transglobal") filed a complaint in Mendocino Superior Court against Betta Products, Inc. and Dennis Walsh ("Defendants") for malicious prosecution entitled Transglobal Communications, etc. v. Betta Products, Inc., et al, No. 06-96199 ("the State Court Action"), a copy of which is attached hereto as Exhibit "A" ("the State Court Complaint") and Defendants have demurred to the State Court complaint;

　　　Whereas, Defendants have filed a notice of removal of the State Court Complaint to the United States Bankruptcy Court for the Northern District of California ("the Removal Notice") and made a request for withdrawal of the reference to this Court in the matter of In re Betta Products, Northern District of California Bankruptcy Court Adversary No. 06-01070-AJ ("the Adversary Proceeding") and the Bankruptcy Court has set a hearing regarding the removal;

/ / /

Case No. CV-2273-CRB
Stipulation Re Filing Counter-Claim

1  Whereas, in order to resolve the procedural issues raised in the State Court Action and the
2  Adversary Proceeding and because the third amended complaint in this action and the State Court
3  complaint may present some common issues of law and fact;

4  IT IS STIPULATED among Transglobal, Defendants and defendant Timothy Quinn, by
5  and through their counsel follows:

6  1.  Transglobal is hereby granted leave to file the State Court Complaint as a
7  counter-claim in this action and the State Court complaint is deemed filed and
8  served as a counter-claim in this action as of January 19, 2006.

9  2.  Exhibit "A" shall serve as the counter-claim.

10 3.  Defendants shall respond to the counter-claim within 30 days which period
11 commences upon entry of the order on this stipulation.

12 4.  In the State Court Action, Transglobal shall file a dismissal without prejudice of
13 the State Court complaint promptly after entry of the order on this stipulation.

14 5.  Defendants shall withdraw the Notice of Removal and shall dismiss the
15 Adversary Proceeding promptly after entry of the order on this stipulation.

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

6. This Stipulation may be signed in counter-parts and by fax, each of which taken together will constitute one document.

Dated: 4/17/06    MCGUIREWOODS LLP

By: _____
Leslie M. Werlin
Attorneys for Transglobal Communications Group USA, Inc.

Dated:    BRINKMAN & PORTILLO

By: _____
Laura J. Portillo
Attorneys for Betta Products and Dennis Walsh

Date:    HOWARD, RICE, NEMEROVSKI, CANADY, FALK & RABKIN

By: _____
John O'Connor
Attorneys for Defendant Timothy Quinn

6.    This Stipulation may be signed in counter-parts and by fax, each of which taken together will constitute one document.

Dated:                          MCGUIREWOODS LLP

By: _____
Leslie M. Werlin
Attorneys for Transglobal Communications Group USA, Inc.

Dated: 4/17/06         BRINKMAN & PORTILLO

By: _____
Laura J. Portillo
Attorneys for Betta Products and Dennis Walsh

Date:                          HOWARD, RICE, NEMEROVSKI, CANADY, FALK & RABKIN

By: _____
John O'Connor
Attorneys for Defendant Timothy Quinn

294421.3
Case No. CV-2273-CRB
Stipulation Re Filing Counter-Claim        3

|   |   |
|---|---|
| 1 | 6.    This Stipulation may be signed in counter-parts and by fax, each of which taken |
| 2 | together will constitute one document. |

Dated:  MCGUIREWOODS LLP

By: _____
Leslie M. Werlin
Attorneys for Transglobal Communications
Group USA, Inc.

Dated:  BRINKMAN & PORTILLO

By: _____
Laura J. Portillo
Attorneys for Betta Products and Dennis Walsh

Date: 4-17-06    HOWARD, RICE, NEMEROVSKI, CANADY, FALK & RABKIN

By: _____
John O'Connor
Attorneys for Defendant Timothy Quinn

VAN ETTEN SUZUMOTO & BECKET LLP
LESLIE M. WERLIN #67994
TERESA A. ASCENCIO #217053
1620 26th Street, Suite 6000 North
Santa Monica, California 90404
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Plaintiff

ENDORSED-FILED
JAN 1 9 2006
CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF MENDOCINO

TRANSGLOBAL COMMUNICATIONS GROUP USA, INC.,

Plaintiff,

vs.

BETTA PRODUCTS, INC., a California corporation, DENNIS WALSH also known as DENNIS RAY WALSH, an individual, and Does 1 through 50, inclusive,

Defendants.

CASE NO. SCUKCVPO '06 96199

**COMPLAINT FOR MALICIOUS PROSECUTION**

Transglobal Communications Group USA, Inc. ("Transglobal"), for its complaint against Betta Products, Inc., a California corporation ("Betta"), Dennis Walsh, also known as Dennis Ray Walsh, an individual ("Walsh"), and Does 1 through 50, inclusive (collectively "Defendants"), alleges as follows:

1.     At all times herein mentioned, Transglobal was and now is a California corporation. Transglobal's principal place of business is within the County of Sonoma, California.

2.     Transglobal is informed and believes and thereon alleges that at all times herein mentioned, Betta was and now is a California corporation and that Betta's principal place of business is within the County of Sonoma, California.

3.     Transglobal is informed and believes and thereon alleges that at all times herein

279135.1

1

COMPLAINT FOR MALICIOUS PROSECUTION

EXHIBIT A

1 mentioned, Walsh was an officer or director of Betta and that he is a resident of the County of
2 Mendocino, California.

3    4.    The true names and capacities of the defendants Does 1 through 50, inclusive, are
4 unknown to Transglobal who therefore sues these Defendants in their fictitious capacities.
5 Transglobal may amend this complaint to allege their true names and capacities when the same
6 have been ascertained.

7    5.    On April 12, 2004, Betta filed an action in the Superior Court of Sonoma County
8 captioned as Betta Products, Inc., v. Transglobal Communications, Inc. and others, Sonoma
9 Superior Court Case No. 234673 ("the Action"). Included in the Action were claims by Betta that
10 Transglobal and the other named defendants in the Action, former Betta employees ("the
11 Underlying Defendants"), misappropriated what Betta claims are its trade secrets.

12    6.    The Action was vigorously prosecuted for approximately nine months. During this
13 time, Betta served the Underlying Defendants, including Transglobal, with more than 1,300
14 separate discovery requests.

15    7.    On December 21, 2004, the Court granted a motion brought by the Underlying
16 Defendants for a protective order ("the Protective Order"). The Protective Order halted further
17 discovery by Betta and directed it to further identify its claimed trade secrets. The Protective
18 Order was formally entered by the Court on January 18, 2005. However, Betta never complied
19 with the directive of the Protective Order that it "make a more specific disclosure of the trade
20 secrets claimed". On January 21, 2005, Betta unilaterally dismissed the Action against all of the
21 Underlying Defendants, including Transglobal.

22    8.    Transglobal is informed and believes and thereon alleges that Walsh assisted,
23 directed, cooperated and was instrumental with the other Defendants in causing Betta to file and
24 vigorously prosecute the Action against the Underlying Defendants, including Transglobal.

25    9.    Transglobal is informed and believes and thereon alleges that the Action was
26 objectively unreasonable when commenced and prosecuted because, among other things, Betta
27 had no protectible trade secrets at such times and the Action was therefore brought and prosecuted
28 without probable cause. Transglobal is informed and believes and thereon alleges that the Action

279135.1

2

COMPLAINT FOR MALICIOUS PROSECUTION

1  was unreasonable because, among other things: (a) Betta had entered into an Agreement in 1998
2  with an acknowledged competitor ("the competitor") which remained in effect for at least four
3  years and which, among other things: (i) gave the competitor unfettered access to all of Betta
4  papers, files and records, including those constituting or reflecting its claimed trade secrets ("the
5  records"); (ii) contained no provision binding the competitor to any obligation of confidentiality;
6  (iii) expressly reflected that the competitor could act in its own best interests; and (iv) released the
7  competitor from any liability for acting in its own best interests;  (b) Betta never put any limits on
8  the competitor's use of or access to the records;  and (c) prior to filing the action, Betta shared all
9  information it now claims to be trade secrets at meetings attended by the competitor and others
10 who were under no obligation of confidentiality.

11      10.    Transglobal is informed and believes and thereon alleges that at the time
12 Defendants initiated the Action and while it was prosecuted, Defendants knew to be false the
13 allegations that Betta had protectible trade secrets, and that the Action was instigated, filed and
14 prosecuted with malice.

15      11.    As a direct and proximate result of the foregoing, Transglobal has been damaged in
16 the sum of not less than $365,000.00. This complaint may be amended to allege the exact amount
17 when ascertained.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

12. Transglobal is informed and believes and thereon alleges that Defendants' actions as herein alleged were malicious in that they were intended by Defendants to cause it injury and were done with a willful disregard of its rights. As such, Transglobal is entitled to an award against Defendants of punitive and exemplary damages.

Wherefore, Transglobal prays for:

1. judgment against Defendants, jointly and severally, in the sum of not less than $365,000.00;

2. for a joint and several award of punitive and exemplary damages against Defendants;

3. for such other and further relief as the Court determines is just and proper.

VAN ETTEN SUZUMOTO & BECKET LLP

By: _____
Leslie M. Werlin
Attorneys for Plaintiff Transglobal
Communications Group USA, Inc.

279135.1

4

COMPLAINT FOR MALICIOUS PROSECUTION

**ORDER**

IT IS SO ORDERED.

Dated: April 19, 2006

