Daren R. Brinkman (CA Bar No. 158698)
Laura Portillo (CA Bar No.186813)
BRINKMAN PORTILLO, PC
4333 Park Terrace Dr., Suite 205
Westlake Village, CA 91361
Telephone: (818) 597-2992
Facsimile: (818) 597-2998

Special Counsel to Betta Products, Inc.
and Dana McCurnin, the Trustee of the
Betta Products Litigation Trust

MCGUIREWOODS LLP
LESLIE M. WERLIN #67994
TERESA A. ASCENCIO #137431
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210
e-mail: lwerlin@mcgurewoods.com

Attorneys for Defendants Transglobal Communications Andrew Dyakon, Robert Raschke, Steve Prescott and Ralph Becker

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTA PRODUCTS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSGLOBAL COMMUNICATIONS, et al.,<br><br>Defendants. | No. CV 05-02273 CRB<br><br>**STIPULATION FOR ENTRY OF PROTECTIVE ORDER; [PROPOSED] ORDER THEREON** |

Betta Products, Inc., ("Betta") and Dana McCurnin, Trustee of the Betta Products Litigation Trust, (collectively "Plaintiffs"), and Transglobal Communications, Inc., Andrew

1

Dyakon, Robert Raschke, Ralph Becker, Tim Quinn and Steve Prescott, (collectively "Defendants"), by and through their respective counsel of record in this Action, hereby stipulate as detailed in Section II below. (Plaintiffs and Defendants shall be collectively called the "Parties.")

## I. RECITALS

A. Plaintiffs filed a third amended complaint on November 28, 2005, alleging, among other things, that Defendants misappropriated four trade secrets owned and developed by Betta.

B. The Parties have exchanged discovery requests. Defendants have requested documents from Plaintiffs that Betta believes require the disclosure of what Betta considers to be its alleged trade secrets. Plaintiffs have requested documents from defendant Transglobal that Transglobal believes require the disclosure of what Transglobal considers to be information and/or documents that are trade secrets, trade sensitive, confidential or proprietary, including but not limited to customer information, sales information, and product information. The Parties believe that additional discovery may call for other documents or information which one of them, or a third party served with discovery, considers to be trade secrets, trade sensitive, confidential or proprietary.

C. Good cause exists to grant this stipulated protective order because: (a) the Parties have not reached an agreement about what, if any, documents or other materials to be produced are trade secrets, confidential or proprietary and the parties wish to minimize the burden of multiple court applications to make this determination; and (b) it will allow the protection of documents and/or information the Parties, or a third party served with discovery, asserts to be trade secrets, trade sensitive, confidential or proprietary in order to permit preparation for trial without the fear or concern of irreparable damage to their businesses or livelihood and without necessity of Court intervention to determine such issues during the discovery phase of this Action.

D. Plaintiffs filed a formal motion for a protective order, which motion was briefed and then heard before Judge Spero on January 20, 2006.

E. At the end of the hearing on January 20, 2006, Judge Spero ordered the Parties (other than defendant Quinn) to meet and confer and to agree upon the terms of a stipulated protective order.

Based on the forgoing, the Parties stipulate and agree as follows:

## II. STIPULATION

**1. Definitions:**

The following definitions shall apply for purposes of this Protective Order:

1.1 "Produced Materials" shall refer to writings, recordings and photographs as defined in *F.R.E.*1001 ("Documents"), information or any other materials that are filed, provided, or produced in this Action, including, but not limited to evidence, briefs, Documents or other material that is submitted to the Court, and information, materials or Documents that are exchanged between the Parties or provided in the course of discovery or disclosure, in whatever form including Documents, testimony (in a deposition, in a declaration, or in court), discovery responses, or physical objects.

1.2 "Confidential Information" shall mean and include any and all Documents, information or other materials including Produced Materials, that a Producing Party (as defined below) considers in good faith to be a trade secret, confidential or proprietary or that they would require third parties to maintain in confidence and which are designated by the Producing Party as confidential pursuant to paragraph 2 below, except as otherwise determined by the Court.

1.3 "Producing Party" is one of the Parties or a third party (if that third party agrees to be bound by this protective order) who, files, provides or produces Produced Materials,

3

Documents, information or other materials in the course of this Action. Only a "Producing Party" may designate as "Confidential" something which it files, provides or produces. Either of the Parties may designate as "Confidential" anything filed, produced or provided by a third party in the course of this Action unless the party adverse to the party attempting the designation had the Produced Materials, Documents, information or other materials before its production by the third party. In the event of a proper designation of something produced by a third party, whatever is so designated also is "Confidential Information" within the meaning of this Protective Order.

1.4 "Confidential" shall refer to the mark placed upon documents, testimony, and physical objects pursuant to Paragraph 2 below.

1.5 "this Action" shall refer to the matter of Betta Products v. Transglobal Communications, et. al., No. CV-05-2273-CRB filed in this Court.

2. **Designation of Confidential Information**

2.1 A Producing Party may designate as Confidential Information any Produced Materials which it produces, files, provides or exchanges. Such designation shall be made by placing, stamping, writing, or otherwise affixing the word "Confidential" on every page of each Document so designated at the time of disclosure or production except as set forth herein. If the Document, testimony, or physical object is not a paper document, the word "Confidential" should be affixed in a place that is reasonably calculated to apprise counsel of the designation. A Producing Party may designate Produced materials as Confidential only after a review thereof and based on a good faith belief that the Produced Materials contain Confidential Information or are otherwise entitled to protection.

2.2 A third party producing under a subpoena may, but is not obligated to, also designate Produced Materials which it produces, files, provides or exchanges as Confidential Information as set forth herein and this Protective Order will apply to such documents and that third party as along as the third party acknowledges in writing its agreement to be bound by the terms of this Protective Order. If one of the Parties designates Produced Materials provided, filed or produced by a third party, any such designation shall be made within 10 days after any such Produced Materials are provided, filed or produced by a third party.

2.3 The Parties shall provide a copy of this Protective Order to any third party who they serve with a subpoena as soon possible after such service and before the date of production.

3. **Disclosure and Use of Confidential information.**

3.1 Anything designated as "Confidential" may not be disclosed or used except as expressly set forth herein.

3.2 Confidential information may be disclosed to only the following individuals:

    (a) Counsel of record for any party to the Action;

    (b) Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel listed in (a) above;

    (c) Court personnel, including stenographic reports engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action including the jury or other trier of fact subject to any further orders the Court may enter; and

  (d) Any consultant or expert, not including a party to this action, retained in connection with this action, provided that each such person first acknowledges in writing, under oath, that he or she has read this Order and agrees to be bound by its terms. This acknowledgement shall be made by execution of the Acknowledgment of Protective Order attached to this Order as Exhibit A. All such written acknowledgments for testifying experts shall be produced by counsel making the disclosure of the Confidential materials at the time the expert is disclosed as a testifying expert. With respect to any non-testifying expert or consultant, counsel making the disclosure of the Confidential information shall maintain the written acknowledgment in their files.

3.3 Except as expressly set forth herein, Confidential Information shall not be disclosed, directly or indirectly, to any of the Parties, or to any of their officers, directors, employees, or agents including but not limited to Dennis Walsh; Dana McCurnin; Andrew Dyakon; Ralph Becker; Robert Raschke; Steven Prescott; or Timothy Quinn. Counsel for the Parties shall advise each of the Parties of the terms of this Protective Order. Each of the Parties, their officers, directors, employees and agents, is bound by the terms of this protective order.

3.4 Nothing set forth in this Protective Order will bar counsel from examining any adverse party at deposition or trial about any Confidential Information or showing any Confidential Information to any adverse party at deposition or trial. Nothing set forth in this Protective Order applies to bar, limit, or affect the right of the Producing

6

Party to disclose or use, in any manner, anything that it designates as Confidential Information and which it produces, provides or files in this Action. Nothing set forth in this Protective Order applies to bar, limit, or affect the right of any the Parties to examine at trial or deposition anything which a third party produces whether or not marked "Confidential" under this protective order.

3.5 The inadvertent or unintentional disclosure by counsel for any of the Parties of Confidential Information shall not be deemed a waiver, in whole or in part, of the confidential nature of such material, and, if so designated at any time, the Confidential information so disclosed shall be governed by, and subject to, the terms of this Order. In the case of such an inadvertent production or disclosure of Confidential materials, and re-designation thereof by the producing party, nothing herein shall create liability for the party receiving such inadvertently disclosed information, so long as the receiving party takes reasonable steps to retrieve the materials after the producing party has re-designated them.

3.6 Confidential Information shall be used solely for the purposes of prosecuting and defending this Action (including any appeal) and shall not be used for any other purpose. No Confidential Information may be used for any business purpose.

**4. Depositions and the Use of Confidential information**

4.1 Deposition testimony may be designated "Confidential" by oral designation on the record, or within ten (10) days after the transcript of such deposition is made available to the designating party. The person making the designation shall instruct the court reporter to separately bind the portions of the deposition transcript so designated, and to stamp the words "Confidential" on each page of the transcript as

7

appropriate. Pending expiration of this ten (10) day period, all parties shall treat the testimony and exhibits as if such material had been designated as "Confidential."

4.2 During the deposition, if counsel indicates that an oral designation of Confidential information should be made on the record, or upon notice from counsel of the intent to so designate the information, from that point forward until the same counsel indicates or gives notice that the Confidential information testimony has stopped, no one may be present during the deposition except for counsel, the witness, expert witnesses as necessary and permitted by paragraph 3.2 (d), and anyone else permitted to hear the disclosure pursuant to paragraph 3.2.

## 5. Filing Confidential Information with the Court under seal

5.1 If counsel for any party to this action wishes to file or submit Confidential information to the Court, counsel must first comply with the requirements of Local Rule 79-5.

5.2 The time limit of five (5) days set forth in Local Rule 79-5 as the time limit after which a designating party must file declaration supporting the request to file the document under seal, shall be extended to fifteen (15) days.

## 6. Effect of this Order after the litigation is complete

6.1 This Protective Order, including the restrictions on use of Confidential information set forth in herein shall survive the conclusion of the litigation of this Action without time limit. The Parties and everyone else bound under this Protective Order shall continue to be bound by it, and, after conclusion of the litigation of this Action, the Court shall retain jurisdiction for the purpose of enforcing this Protective Order.

6.2 Within sixty (60) days after the final termination of this Action by settlement, expiration of time or appeal after entry of a judgment, exhaustion of appeals, or otherwise, each party shall return to the party that produced the Produced Materials all copies and originals of all Produced Materials within its possession, custody or control, containing or disclosing Confidential Information. Such return shall be accompanied by a declaration from sending counsel stating that what is returned is all copies and originals of all such Produced Materials within its possession, custody or control, containing or disclosing Confidential Information.

6.3 As an alternative to paragraph 6.2, each party may destroy in a secure manner all copies and originals of all Produced Materials within its possession, custody or control containing or disclosing Confidential information. Discarding into the trash is not destruction in a secure manner. If a party chooses to destroy the Confidential information in its possession, custody and control, that party shall be obligated to destroy all the Confidential information within 30 days of the termination of the action and shall also serve a declaration upon opposing counsel testifying as to the date and manner of the destruction also within 30 days of the termination of the action.

6.4 Within the time frame set forth in paragraph 6.2 above, each of the Parties counsel of record shall destroy all of their own work product to the extent it contains or mentions any of the opposing party's Confidential Information.

7. **Challenging designations**

7.1 A Party shall not be obligated to challenge the propriety of a designation under this Order at the time made, and a failure to do so shall not preclude a subsequent challenge

9

thereto. The designation or failure to designate material as "Confidential" shall not be determinative of that material's status. A Party that elects to initiate a challenge to a Designating Party's designation must do so in good faith and must begin the process in writing by letter or other document identifying the specific material challenged and explaining the basis for its belief that the designation was not proper. A Party initiating a good faith challenge may take the position that the challenged information is not entitled to any protection in terms of confidentiality. Within seven (7) days of such a challenge, the Designating Party shall substantiate the basis for such designation in writing to the other Party, or waive the protections of this Order with respect to the challenged information. The Parties shall first attempt to resolve such challenges in good faith on an informal basis. If the dispute cannot be informally resolved, the Party seeking to maintain the designation may seek appropriate relief from the Court, which may include filing a motion for a protective order. If such relief is not sought within thirty (30) days after the letter substantiating the designations was sent to the Receiving Party, or within such other time as the Parties agree, the challenged information shall be re-designated in accordance with the challenging Party's proposed designation as set forth in the letter referenced herein by the challenging Party. The burden of proof shall be on the Party claiming confidentiality. Any document designated "Confidential" shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved in the manner set forth herein.

8. **Miscellaneous**

8.1 Nothing in this Order (a) affects, in any way, the evidentiary admissibility of any documents, testimony, or other evidence at trial or used at deposition, or (b) prevents any party from consenting to disclosure of its own Confidential Information it has produced,

filed or exchanged and designated as Confidential Information under this Protective Order.

8.2 Should any person bound hereby receive a subpoena, civil investigation demand, or other process from a third party that may be construed to require the disclosure of Confidential Information in any form, said person shall give notice immediately and in writing to counsel for all other parties in this Action.

8.3 Nothing set forth herein affects the rights of any party to object to any discovery, nor shall it relieve a party of the necessity of proper responses or objections to discovery requests, nor shall it preclude or affect the right of any party from seeking further relief or protective orders from the Court.

8.4 This Protective Order may be modified only by the Court or by written agreement of the parties, subject to the approval of the Court.

8.5 In the event any of the counsel for the Parties deems it necessary or useful to examine their own client or a third party about a document marked "Confidential" by an adverse party and which cannot otherwise be used or disclosed under this protective order, that Party may apply to the Court for an order modifying this protective order for that purpose.

//
//
//
//
//
//

8.6 The fact that information is designated as Confidential under this stipulation and Order shall not determine or affect what a the Court, trier of fact, or jury may find to be confidential, proprietary, or a trade secret. The jury shall not be advised of this Protective Order or of the status of anything as Confidential Information within the meaning of this Protective Order.

8.7 This document may be signed by counsel in counterparts with fax or e-mail signatures, which when taken together constitute on document.

DATED: May /3, 2006            BRINKMAN PORTILLO, PC

                               By: _____
                                   Laura J. Portillo
                               Special Counsel to Plaintiffs, Betta Products, Inc.
                               and Dana McCurnin, the Trustee of the
                               Betta Products Litigation Trust

DATED: May ___, 2006           MCGUIREWOODS, LLP

                               By: _____
                                   Leslie Werlin
                               Counsel for Defendants, Transglobal
                               Communications, Andrew Dyakon, Robert
                               Raschke, Ralph Becker and Steve Prescott

DATED: May ___, 2006           HOWARD, RICE, NEMEROVSKI, CANADY,
                               FALK & RABKIN

                               By: _____
                                   John O'Conner
                               Counsel for Defendant Timothy Quinn

12

3949072.4
Case No. CV-05-2273-CRB
Stipulated Protective Order

8.6 The fact that information is designated as Confidential under this stipulation and Order shall not determine or affect what a the Court, trier of fact, or jury may find to be confidential, proprietary, or a trade secret. The jury shall not be advised of this Protective Order or of the status of anything as Confidential Information within the meaning of this Protective Order.

8.7 This document may be signed by counsel in counterparts with fax or e-mail signatures, which when taken together constitute on document.

DATED: May ___, 2006          BRINKMAN PORTILLO, PC


By: _____
    Laura J. Portillo
    Special Counsel to Plaintiffs, Betta Products, Inc.
    and Dana McCurnin, the Trustee of the
    Betta Products Litigation Trust

DATED: May 16, 2006           MCGUIREWOODS, LLP


By: _____
    Leslie Werlin
    Counsel for Defendants, Transglobal
    Communications, Andrew Dyakon, Robert
    Raschke, Ralph Becker and Steve Prescott

DATED: May ___, 2006          HOWARD, RICE, NEMEROVSKI, CANADY,
                              FALK & RABKIN


By: _____
    John O'Conner
    Counsel for Defendant Timothy Quinn

12

3949072.4
Case No. CV-05-2273-CRB
Stipulated Protective Order

8.6 The fact that information is designated as Confidential under this stipulation and Order shall not determine or affect what a the Court, trier of fact, or jury may find to be confidential, proprietary, or a trade secret. The jury shall not be advised of this Protective Order or of the status of anything as Confidential Information within the meaning of this Protective Order.

8.7 This document may be signed by counsel in counterparts with fax or e-mail signatures, which when taken together constitute on document.

DATED: May ___, 2006            BRINKMAN PORTILLO, PC


By: _____
    Laura J. Portillo
    Special Counsel to Plaintiffs, Betta Products, Inc.
    and Dana McCurnin, the Trustee of the
    Betta Products Litigation Trust

DATED: May ___, 2006            MCGUIREWOODS, LLP


By: _____
    Leslie Werlin
    Counsel for Defendants, Transglobal
    Communications, Andrew Dyakon, Robert
    Raschke, Ralph Becker and Steve Prescott

DATED: May ___, 2006            HOWARD, RICE, NEMEROVSKI, CANADY,
                                FALK & RABKIN


By: *John O'Conner* /pm
    John O'Conner
    Counsel for Defendant Timothy Quinn

12

1  [PROPOSED] ORDER

2  The terms of the Stipulation set forth above are adopted as the terms of this Protective
3  Order and IT IS SO ORDERED.

6  DATED: May 17, 2006

   _____
   Joseph C. Spero
   U.S. DISTRICT COURT MAGISTRATE
   JUDGE

   [Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]
   [Signature: Judge Joseph C. Spero]

13

# EXHIBIT A

Non-Disclosure Agreement

I, _____, hereby certify my understanding that documents designated as "Confidential" are being provided to me pursuant to the Protective Order entered by order of the Court in connection with the action entitled, Betta Products, Inc., et al., v. Transglobal Communications, Inc., et al., Case No. C 05-02273 CRB filed in the United States District Court for the Northern District of California. I agree to be bound by and abide by this Protective Order.

I further certify that I have been provided a copy of and have read the Protective Order and hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Protective Order. I understand that violation of the Protective Order is punishable as contempt of court.

Dated: _____  _____
Name:
Title: