1  MCGUIREWOODS LLP
   LESLIE M. WERLIN #67994
2  LYNN A. WHITCHER #196910
   TERESA A. ASCENCIO #217053
3  1800 Century Park East, 8th Floor
   Los Angeles, California 90067
4  Telephone: (310) 315-8200
   Facsimile: (310) 315-8210
5
6  Attorneys for Defendants Transglobal, Prescott, Raschke, Dyakon and Becker
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA

10
11 BETTA PRODUCTS, INC.,                    CASE NO. CV05-2273-CRB
12           Plaintiff,                    STIPULATION TO CONTINUE LAST
                                           DAY TO HEAR MOTION FOR
13    vs.                                  SUMMARY JUDGMENT ON ISSUE OF
                                           WHETHER PLAINTIFF HAD TRADE
14 TRANSGLOBAL COMMUNICATIONS, et          SECRETS TO MARCH 30, 2007;
   al.,                                    [PROPOSED] ORDER]
15
             Defendants.
16
17
18        WHEREAS, this action was filed by Betta Products, Inc. ("Plaintiff") against Transglobal
19 Communications, Steve Prescott, Andrew Dyakon, Robert Raschke, Ralph Becker, and Timothy
20 Quinn (collectively "Defendants").
21        WHEREAS, Plaintiff's third amended complaint asserts the following claims against
22 Defendants: misappropriation of trade secrets under the California Uniform Trade Secrets Act
23 (first claim), breach of fiduciary duty (second claim), unfair competition under California *Business*
24 *& Professions Code* §17200 (third claim), slander (fourth claim), interference with prospective
25 economic advantage (fifth claim), fraudulent conveyance under 11 *U.S.C.* §548 (sixth claim), a
26 post petition fraudulent conveyance under 11 *U.S.C.* §549 (seventh claim), avoidance of
27 fraudulent transfers under 11 *U.S.C.* §544 and *California Civil Code* §3439.04 (eighth claim) and
28 / / /

4335800.1
Case No. CV-05-2273-CRB
Stipulation To Continue Last Day for MSJ; Order

1  recovery of avoidable transfer under 11 *U.S.C.* §550 and *California Civil Code* §3439.08 (ninth
2  claim) and each of these claims presents numerous factual and legal issues.
3     WHEREAS, determination of whether Plaintiff has any protectible trade secrets is an
4  element of Plaintiff's misappropriation of trade secret claim and except for Plaintiff's slander
5  claim, all of Plaintiff's claims depend, in part, on Plaintiff's first claim for misappropriation of
6  trade secrets.
7     WHEREAS, at the Continued Status Conference held on September 8, 2006, the Court
8  ordered that February 16, 2007 is the last day to hear motions for summary judgment on the issue
9  of whether Betta has any protectible trade secrets.
10    WHEREAS based upon a hearing date of February 16, 2007, the parties would have to file
11 their motions for summary judgment on the issue of whether Betta has a protectible trade secret on
12 or before January 12, 2007.
13    WHEREAS, Defendants noticed the deposition of Betta's person most knowledgeable for
14 the week of December 12, 2006, but due to the unavailability of Betta's witness at that time and
15 due to scheduling conflicts of Defendants' counsel, Defendants are not able to depose Betta until
16 January 5, 2007.
17    WHEREAS, there is insufficient time between the deposition of Betta and the current
18 filing date for motions for summary judgment on the issue of whether Betta has any protectible
19 trade secrets.
20    WHEREFORE, IT IS STIPULATED AND AGREED that:
21    1.   The last day to hear motions for summary judgment on the issue of whether Betta
22 has any protectible trade secrets is continued to March 30, 2007.
23    2.   All briefing shall be pursuant to the Federal Rules of Civil Procedure based upon
24 the continued hearing date of no later than March 30, 2007.
25 ///
26 ///
27 ///
28 ///

1      3.    This stipulation may be executed in counterparts and facsimle, each of which taken
2 together constitutes the original.

3

4 DATED: January 3, 2007      BRINKMAN PORTILLO, PC

5

6      By: _____
7      Laura Portillo
     Special Counsel to Plaintiffs, Betta Products, Inc.
8      and Dana McCurnin, the Trustee of the
     Betta Products Litigation Trust
9

10 DATED: January 3, 2007      MCGUIREWOODS LLP

11

12      By: _____
     Leslie Werlin
13      Counsel for Defendants, Transglobal
     Communications, Andrew Dyakon, Robert
14      Raschke, Ralph Becker and Steve Prescott

15

16 DATED: January ___, 2007      HOWARD, RICE, NEMEROVSKI, CANADY,
     FALK & RABKIN
17

18      By: _____
19      John O'Conner
     Counsel for Defendant Timothy Quinn
20

21

22

23

24

25

26

27

28

4335800.1                  3
Case No. CV-05-2273-CRB
Stipulation To Continue Last Day for MSJ; Order

1  3.  This stipulation may be executed in counterparts and facsimle, each of which taken
2  together constitutes the original.

3

4  DATED: January ___, 2007    BRINKMAN PORTILLO, PC

5

6

7  By:_____
    Laura Portillo
8  Special Counsel to Plaintiffs, Betta Products, Inc.
    and Dana McCurnin, the Trustee of the
9  Betta Products Litigation Trust

10  DATED: January ___, 2007    MCGUIREWOODS LLP

11

12  By:_____
13    Leslie Werlin
    Counsel for Defendants, Transglobal
14  Communications, Andrew Dyakon, Robert
    Raschke, Ralph Becker and Steve Prescott
15

16  DATED: January 10, 2007    ~~HOWARD, RICE, NEMEROVSKI, CANADY,~~
                                ~~FALK & RABKIN~~ John D. O'Connor
17

18
    By:_____
19    John O'Conner
    Counsel for Defendant Timothy Quinn
20

21

22

23

24

25

26

27

28

4335800.1                                    3
Case No. CV-05-2273-CRB
Stipulation To Continue Last Day for MSJ; Order

**[PROPOSED] ORDER**

IT IS SO ORDERED that the terms of the Stipulation set forth above are adopted as the terms of this Order.

DATED: January 12, 2007 _____



_____
United States District Court Judge