IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTA PRODUCTS, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>TRANSGLOBAL COMMUNICATIONS, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-02273 CRB<br><br>**ORDER RE: DISMISSAL** |

    Now pending before the Court are (1) defendants' motion to extend the time to serve a response to plaintiffs' request for admissions, (2) defendants' motion for sanctions, and (3) plaintiffs' motion pursuant to Federal Rule of Civil Procedure 41(a)(2) for voluntary dismissal of all of their claims. After considering the papers submitted by the parties, the Court concludes that oral argument is unnecessary. See Local Rule 7-1(b).

    Defendants' motion to extend the time to serve its admissions by one day is GRANTED as unopposed.

    Defendants' motion for sanctions is DENIED. It is apparent that plaintiffs' counsel did not meet and confer because of plaintiffs' communicated intent to dismiss their claims. While plaintiffs' counsel should have been more responsive, and should have simply consented to the proposed motion, the Court does not believe such conduct is sanctionable.

In light of the Court's ruling on defendants' motions, defendants' only objection to the plaintiffs' request for dismissal is that it be with prejudice. The Court agrees. A dismissal with prejudice is appropriate because this action is more than two years old and was filed after plaintiffs had previously dismissed a previous action in state court. Moreover, it is apparent that plaintiffs cannot meet the Court's deadline for proving they own protectable trademarks (a deadline which has been repeatedly continued); thus, if the Court refused to grant plaintiffs' motion for dismissal plaintiffs' claims would most likely fail on the merits in any event. Plaintiffs have also stated that upon dismissal their claims will be barred by the statute of limitations. In sum, plaintiffs have not proffered any persuasive reason for leaving defendants in jeopardy of yet a third lawsuit.

In light of the dismissal, the only claim remaining in this lawsuit is defendants' state law malicious prosecution claim arising from plaintiffs' original state court lawsuit. As there is no independent jurisdiction for this claim, and as it involves proceedings before a state court, the Court will dismiss this claim without prejudice to defendants pursuing the claim in state court.

Accordingly, all of plaintiffs' claims are DISMISSED with prejudice and defendants' malicious prosecution claim is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: Sep. 20, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\2273\orderredismissal.wpd        2