IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTA PRODUCTS, INC, et al., | No. C 05-02273 CRB |
| Plaintiffs, | **ORDER DENYING MOTION FOR ATTORNEYS' FEES** |
| v. | |
| TRANSGLOBAL COMMUNICATIONS, et al., | |
| Defendants. / | |

Plaintiffs dismissed this misappropriation of trade secrets action with prejudice. Now pending is defendants' motion for attorneys' fees pursuant to California Civil Code section 3426.4, 28 U.S.C. section 1927, and the Court's inherent authority. After carefully considering the papers field by the parties, and having had the benefit of oral argument, the Court, in its discretion, DENIES defendants' motion.

## BACKGROUND

**A.  Factual Background**

Plaintiff Betta Products, Inc. was engaged primarily in the design, production, importation and sale of consumer "party goods." Betta's products included the Pizzazz line of gift bags, gift boxes and related accessories. As part of its business activities, Betta asserted that it developed various trade secrets.

Betta contends that in 2002, defendant Transglobal Communications, Inc. ("Transglobal") abruptly entered the party goods business with products allegedly "similar or identical" to Betta's Pizzazz product line. Betta alleges that Transglobal's entry into the party goods marketplace grew out of a scheme to steal Betta's trade secrets and employees and that several of its employees divulged trade secrets to Transglobal while still working for Betta and later after resigning and taking jobs with Transglobal. Betta also contends that defendants unlawfully copied plaintiff's Pizzazz line by using Betta's manufacturing and production sources, customer list and pricing strategy.

**Procedural History**

On April 15, 2003, Betta filed a petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Northern District of California. One year later, Betta filed an action in Sonoma County Superior Court captioned <u>Betta Products, Inc. v. Transglobal Communications, Inc., et al.</u> (hereinafter the "Sonoma Complaint."). In the Sonoma Complaint, based on California Uniform Trade Secrets Act (Cal. Civ. Code § 3426 et seq.), Betta accused Transglobal and other individual defendants of misappropriating Betta's trade secrets and subsequently using those trade secrets for the benefit of Transglobal and to the detriment of Betta. On January 21, 2005, Betta unilaterally dismissed its Sonoma Complaint. Betta's counsel in the state court action was Sternberg Horner & Associates.

On April 15, 2005, Betta, represented by different counsel, filed a second complaint against Transglobal and other individual defendants in the bankruptcy proceeding, Adversary Case No. 05-01047 AJ. In the event that the suit was successful, money recovered from Transglobal and the individual defendants would have been used in the bankruptcy estate of Betta to pay claims of Betta's creditors. On July 7, 2005, this Court granted Betta's motion to withdraw the reference to this Court.

On November 28, 2005, Betta filed its Third Amended Complaint. Betta's Third Amended Complaint made nine claims for relief against Transglobal and five former Betta employees, including claims for violation of the California Uniform Trade Secrets Act (Cal. Civ. Code § 3426 et seq.), breach of fiduciary duty, unfair competition, slander and

2

interference with actual and prospective economic advantage. Transglobal did not assert any counterclaims in its Answer to the District Court Complaint filed Dec. 12, 2005. However, on January 19, 2006, Transglobal filed a complaint in Mendocino County Superior Court (hereinafter the "Mendocino Complaint") alleging that Betta and one of its principals committed the tort of malicious prosecution in pursuing the Sonoma Complaint. In April 2006, pursuant to a stipulation between counsel, Transglobal was permitted to file the Mendocino Complaint as a Counterclaim in this action. The Counterclaim contended that Betta brought and pursued the Sonoma Complaint with malice and without probable cause.

Betta subsequently moved to dismiss the malicious prosecution counterclaim. This Court denied the motion at a hearing in June 2006.

At a case management conference in September 2006 the Court set a February 2006 hearing date on a summary judgment motion addressing whether Betta has any trade secrets. By stipulation the parties continued the summary judgment deadline to March 30, 2007 and then again to May 25, 2007 and then again to October 19, 2007. With the last continuance the Court directed that it would not grant any further continuances, even if stipulated.

On August 31, 2007, plaintiffs moved for voluntary dismissal without prejudice. The Court granted the dismissal with prejudice in light of the age of the case. Defendants now move for attorneys' fees and costs pursuant to Civil Code section 3426.4 and/or for vexatiously multiplying the proceedings pursuant to 28 U.S.C. section 1927.

**DISCUSSION**

**A.      Section 3426.4**

Section 3426.4 provides that a court may award fees and costs if a claim for misappropriation was brought in bad faith. "The California Court of Appeal has interpreted the statute's 'bad faith' element to require 'objective speciousness of the plaintiff's claim . . . . and its subjective bad faith in bringing or maintaining the claim.'" CRST Van Expedited, Inc. v. Werner Enterprises, Inc., 479 F.3d 1099, 1111 (9th Cir. 2007) (citation omitted). "The 'bad faith' contemplated by section 3426.4 means not only that the claim is objectively specious but that the plaintiff acted with subjective bad faith. This means that the

action or tactic [was] pursued for an improper motive." Yield Dynamics, Inc. v. Tea Systems Corp., 154 Cal.App.4th 547, 578 (2007) (internal quotation marks and citations omitted). "That question involves a factual inquiry into the plaintiff's subjective state of mind: Did he or she believe the action was valid? What was his or her intent or purpose in pursuing it?" Id. (internal quotation marks and citations omitted).

The Court finds that plaintiffs did not act in subjective bad faith, that is, for an improper motive. First, the bedrock of defendants' argument is that Betta dismissed the Sonoma County action to avoid having to identify trade secrets they knew they did not own. A December 10, 2004 letter from Betta's counsel to Betta, however, suggests that Betta dismissed the action because defendants had moved to disqualify Betta's counsel and counsel had determined that it must withdraw immediately.

Second, defendants do not dispute the factual backdrop that led to the lawsuits in the first place; namely, that the individual defendants left Betta, joined Transglobal, and then Transglobal starts selling products similar to those marketed by Betta. Such circumstances support a good faith belief in the misappropriation claims. That Betta later operated solely as a licensing entity does not suggest that Transglobal was never competing directly with Betta.

Third, Betta completely went out of business in mid 2006 and no longer had any employees or any business, even its licensing business. In early 2007, when Betta's counsel started arranging for the deposition of a person most knowledgeable, counsel realized that there was no one left at Betta to assist with the prosecution of the action. Dennis Walsh, although no longer employed by Betta, volunteered to be the person most knowledgeable. In the middle of Walsh's deposition in March 2007, Betta offered a "walk away" settlement in which all parties would dismiss all of their claims. The parties could not reach an agreement so Betta voluntarily dismissed the action. The Court dismissed it with prejudice. These circumstances do not suggest subjective bad faith.

The Court does not find the other evidence cited by defendants, including the initial omission of trade secrets on Betta's bankruptcy schedule of assets and the sharing of its confidential trade information with a 30 percent shareholder, persuasive of subjective bad

4

faith. While defendants may have ultimately prevailed on an argument that Betta did not have any protectable trade secrets in light of its agreement with its shareholder, the evidence in the record does not suggest that Betta knew the shareholder agreement doomed its misappropriation claims.

Accordingly, as the Court does not find that plaintiffs prosecuted their misappropriation claims in subjective bad faith, defendants' motion for attorneys' fees under Civil Code section 3426.4 must be denied.

**B.     Section 1927**

Defendants have also not demonstrated that plaintiffs or their attorneys vexatiously multiplied the litigation. To the contrary, when plaintiffs realized they could not prosecute their case due to the closure of Betta, plaintiffs offered to dismiss their claims rather than force defendants to file a motion for summary judgment.

## CONCLUSION

For the reasons explained above, defendants' motion for attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated: December 26, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE